**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115082

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michelle Miles, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Midland Credit Management, Inc., | |
| Defendant. | |

Michelle Miles (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Credit Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5.      Plaintiff Michelle Miles is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.      Defendant alleges Plaintiff owes a debt ("the Debt").

11.      The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.      Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.      Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.      In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 21, 2018. (**"Exhibit 1."**)

15.      The Letter was the initial communication Plaintiff received from Defendant.

16.      The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692e
### Failure to Adequately Convey the Amount of the Debt

17.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.      15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

2

19.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

20.     The question of whether a written notice adequately provides "the amount of the debt" is determined from the perspective of the "least sophisticated consumer."

21.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

22.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

23.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

24.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount she owes at the time of the notice.

25.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what she will need to pay to resolve the debt at any given moment in the future.

26.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

27.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt," violative of 15 U.S.C. § 1692g(a)(1).

28.     Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. § 1692g(a)(1) if the least sophisticated consumer could inaccurately interpret the message.

29.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

31.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

32.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

inaccurate.

33.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

34.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

35.     The amount of the debt is a material piece of information to a consumer.

36.     Knowing the amount of the debt affects how a consumer responds to a debt collector's attempts to collect the debt.

37.     The Debt was incurred on a credit card issued by Synchrony Bank.

38.     The credit card accrued interest.

39.     The credit card accrued late fees.

40.     The Letter sets forth a "Current Balance."

41.     The Letter fails to state what part of the balance stated is principal.

42.     The Letter fails to state what part of the balance stated is interest.

43.     The Letter fails to state what part of the balance stated is late fees.

44.     The Letter fails to disclose whether the amount stated may increase due to additional interest.

45.     The Letter fails to disclose whether the amount stated may increase due to additional late fees.

46.     The Letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

47.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

48.     The amount of the debt is further clouded by the fact that the letter classifies the amount owed as the "current balance."

49.     The use of "current balance" implies that interest may accrue.

50.     The Letter does not clearly state that payment of the "current balance" would satisfy the debt.

51.     The least sophisticated consumer could reasonably read the Letter to mean that the amount stated was static.

52.     The least sophisticated consumer could also reasonably read the Letter to mean

that the amount stated was dynamic due to the continued accumulation of interest and/or late fees.

53. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

54. Because the Letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

55. The Letter, for the aforementioned reasons, violates 15 U.S.C. §§ 1692g and 1692e. *See Thomas v. Midland Credit Mgmt., Inc.*, No. 217CV00523ADSARL, 2017 WL 5714722 (E.D.N.Y. Nov. 27, 2017).

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(3)**
**Validation of Debts**

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

58. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

59. There is no requirement that the consumer dispute the debt in writing.

60. It is a violation of the FDCPA to require dispute be made in writing.

61. A debt collector has the obligation, not just to convey the information required by 16 U.S.C. § 1692g, but also to convey such clearly.

62. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

63. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

64.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

65.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

66.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

67.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

68.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

69.     The letter states, "All communications regarding this account should be addressed to MCM and not the previous owner."

70.     The letter states, "**Send disputes to**: [Defendant's address]." (Emphasis in original).

71.     Although the letter includes a telephone number, such refers only to payment.

72.     The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

73.     The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

74.     The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

75.     The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

76.     The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

77.     Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016

WL 4083384 (E.D.N.Y. Aug. 1, 2016).

78.      The letter overshadows the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than writing.

79.      The letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

80.      Defendant's conduct violates 15 U.S.C. § 1692g.


**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

81.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82.      15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation in connection with the collection of any debt.

83.      While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practices.

84.      Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

85.      The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

86.      The Letter could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing.  *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

87.      Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

88.      The least sophisticated consumer would likely be deceived by the letter.

89.      The least sophisticated consumer would likely be deceived in a material way by the letter.

90.      The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

91.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### JURY DEMAND

92.     Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

      a.     Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

      b.     Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      c.     Plaintiff's costs; all together with

      d.     Such other relief that the Court determines is just and proper.

DATED: May 2, 2018

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115082

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530